STEPHEN W. CUSICK (SBN 111353)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

AUGUST L. LOHUARU (SBN 222359)
NIELSEN, HALEY & ABBOTT LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
Telephone: (213) 239-9009
Facsimile: (213) 239-9007

Attorneys for Defendant
United National Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM WEDDINGTON,

    Plaintiff,

v.

UNITED NATIONAL INSURANCE
COPMANY; and DOES ONE through
TEN, inclusive,

    Defendants.

Case No.: C 07 1733 SBA

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (DIVERSITY)**

    Defendant United National Insurance Company ("United National"), gives notice of the removal of this action from the Superior Court of California, County of Napa, pursuant to 28 U.S.C. § 1441:

    1.    On January 26, 2007, an action was commenced in the Superior Court of the State of California in and for the County of Napa, styled as William Weddington, Plaintiff, v. United National Insurance Company; and Does One through Ten, inclusive, Defendants, Case Number 26-56468. A copy of the

---

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)—(DIVERSITY)

complaint in that action is attached as Exhibit A.

2. Defendant first received notice of this action on February 27, 2007, when the summons and complaint were served on Defendant. This notice is therefore timely filed. A copy of the summons is attached as Exhibit B.

3. The following constitute all of the process, pleadings, and orders in this matter received by United National to date:

    (a) Summons, a copy of which is attached as Exhibit B; and

    (b) Complaint, a copy of which is attached as Exhibit A

4. This action is a civil action, of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. §1441(b) in that it is a civil action between plaintiff, a citizen of the State of California, County of Napa, and defendant, a corporation incorporated under the laws of Pennsylvania and with a principal place of business in Bala Cynwyd, Pennsylvania, and as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, because plaintiff seeks from defendant a sum of at least $746,473.34 arising from an alleged breach of insurance contract and an alleged breach of the covenant of good faith and fair dealing.

5. Defendant is informed and believes that, at the time this case was filed, plaintiff William Weddington was, and still is, an individual residing in Napa County, California. Defendant was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of Pennsylvania and with a principal place of business in Bala Cynwyd, Pennsylvania. Defendant United National Insurance Company is the only defendant that has been named and served a summons and complaint in this action.

6. United National will promptly file a copy of this Notice with the Clerk of the Superior Court for the State of California, County of Napa.

WHEREFORE, United National respectfully requests that this case proceed before this Court as an action properly removed.

DATED: March 27, 2007

NIELSEN, HALEY & ABBOTT LLP

By_____
STEPHEN W. CUSICK
AUGUST L. LOHUARU
Attorneys for Defendant
UNITED NATIONAL INSURANCE COMPANY

3
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)—(DIVERSITY)

**EXHIBIT A**

```
DRATH, CLIFFORD, MURPHY & HAGEN, LLP
JOHN M. DRATH (State Bar No. 045031)
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Telephone: (510) 287-4000
Facsimile: (510) 287-4050

Attorneys for Plaintiff
WILLIAM WEDDINGTON
```

**ENDORSED**

JAN 2 6 2007

Clerk of the Napa Superior Court
By: __J. OLIVER__
Deputy

CASE MANAGEMENT CONFERENCE
DATE: 7-5-07
TIME: 8:30am
PLACE: Courtroom A
825 Brown Street, Napa CA 94559

**DELAY REDUCTION CASE**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF NAPA

UNLIMITED JURISDICTION

| | |
|---|---|
| WILLIAM WEDDINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED NATIONAL INSURANCE COMPANY; and DOES ONE through TEN, inclusive,<br><br>Defendants. | No. **26-36468**<br><br>COMPLAINT FOR BREACH OF INSURANCE CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING ON ASSIGNMENT |

Plaintiff WILLIAM WEDDINGTON hereby alleges:

## THE PARTIES

1. Plaintiff WILLIAM WEDDINGTON ("WEDDINGTON") is an individual residing in Napa County, California.

2. Plaintiff is informed and believes, and thereon alleges, that defendant UNITED NATIONAL INSURANCE COMPANY ("UNITED") is a corporation licensed to do business and actually doing business as an insurer and issuing insurance policies in the State of California.

3. The true names and capacities, whether individual, corporate, government, associate, or otherwise of the defendants DOE ONE through DOE TEN, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names pursuant to Section 474 of the

---

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND BAD FAITH REFUSAL TO DEFEND     1

California Code of Civil Procedure. Plaintiff prays leave of court to amend this complaint to set forth their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these defendants designated by a fictitious name was negligently, by either wrongful act or omission, or otherwise, responsible for the events complained of in this complaint, and that plaintiff's losses alleged in this complaint were caused by such actions or omissions.

4.  At all times mentioned in this complaint, defendants, and each of them, were the agents, employees or joint venturers of each other, and in doing the things alleged in this complaint each acted within the scope of such agency, employment or joint venture.

## GENERAL FACTUAL ALLEGATIONS
## APPLICABLE TO ALL CAUSES OF ACTION

5.  On or about June 15, 2004, UNITED issued a "Lawyers Professional Liability Insurance" to REEVES & ASSOCIATES, ATTORNEYS, Policy No. LAW0007066, effective June 15, 2004 through June 15, 2005. PATRICIA TSUBOKAWA REEVES ("REEVES") was at all times the sole owner of REEVES & ASSOCIATES, and was by definition an insured under the UNITED policy. By the terms of its policy, UNITED agreed to defend and indemnify REEVES for claims of wrongful acts which are made during the policy period, and to defend suits based on such claims even if groundless, false or fraudulent.

6.  On March 15, 2005, plaintiff filed an action for legal malpractice against REEVES in Napa Superior Court, Case No. 26-28720 (the "MALPRACTICE ACTION"). REEVES tendered the case to UNITED, and UNITED retained attorney MARTIN W. JOHNSON ("JOHNSON") of the firm WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER to defend her.

7.  In July 2005, ROBERT FELDMAN ("FELDMAN"), a senior claims examiner for UNITED, contacted counsel for plaintiff, informed him that there were significant coverage problems related to plaintiff's claim, and inquired if plaintiff would, therefore, be interested in a "nuisance value settlement" in the area of Thirty-five Thousand Dollars ($35,000). UNITED's offer

///

was rejected but, by letter to JOHNSON of July 14, 2005, plaintiff's counsel offered to discuss settlement further. JOHNSON subsequently suggested going to mediation in September.

8. Instead of going to mediation, UNITED made the decision to withdraw its defense of REEVES, and JOHNSON subsequently withdrew as REEVES' counsel, leaving REEVES to represent herself.

9. The MALPRACTICE ACTION went to trial against REEVES in July 2006 and, on August 28, 2006, judgment in the amount of Seven Hundred Forty Thousand One Hundred Sixty-eight Dollars and Sixty-one Cents ($740,168.61). On September 23, 2006, the judgment was amended to include costs, bringing the total judgment to Seven Hundred Forty-six Thousand Four Hundred Seventy-three Dollars and Thirty-four Cents ($746,473.34).

10. On or about November 16, 2006, in writing and for a valuable consideration, REEVES assigned to plaintiff all of her rights, title and interest in and to her causes of action alleged against defendants, and each of them.

11. The MALPRACTICE ACTION against REEVES alleged wrongful conduct beginning in 1997 and continuing through June 2004.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

12. Plaintiff refers to and incorporates herein by this reference Paragraphs 1 through 11, inclusive, the same as if set forth here in full.

13. Throughout the period of said policy, REEVES regularly paid premiums and performed each act on her part to keep the policy in full force and effect.

14. Despite its obligation to do so, UNITED materially breached the insurance contract by refusing to enter into settlement negotiations with plaintiff and then withdrawing its defense of REEVES, leaving her to defend herself at her own expense.

///
///
///
///

15. As a direct result of said breach, and of the assignment herein, plaintiff was damaged in the amount of Seven Hundred Forty-six Thousand Four Hundred Seventy-three Dollars and Thirty-four Cents ($746,473.34), plus interest at the rate of ten percent per annum (10%) from and after August 28, 2006, or Two Hundred Five Dollars and Fifty-one Cents ($205.51) per day.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as hereinafter set forth.

### SECOND CAUSE OF ACTION
### BREACH OF COVENANT OF GOOD
### FAITH AND FAIR DEALING ON ASSIGNMENT

16. Plaintiff refers to and incorporates herein by this reference Paragraphs 1 through 15, inclusive, the same as if set forth here in full.

17. At all times relevant herein, UNITED agreed to act in good faith and deal fairly with its insured REEVES when it issued the policy and accepted premiums from its insured. UNITED thereby assumed a special relationship with, and fiduciary obligations to, its insured REEVES and agreed to abide by its duties.

18. Without any reasonable basis for doing so, UNITED breached its covenant of good faith and fair dealing with REEVES by wrongfully withdrawing its defense of REEVES in the MALPRACTICE ACTION.

19. As a direct result of said breach, and of the assignment herein, plaintiff was damaged in the amount of Seven Hundred Forty-six Thousand Four Hundred Seventy-three Dollars and Thirty-four Cents ($746,473.34), plus interest at the rate of ten percent per annum (10%) from and after August 28, 2006, or Two Hundred Five Dollars and Fifty-one Cents ($205.51) per day.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For the full amount of the judgment in the amount of Seven Hundred Forty-six Thousand Four Hundred Seventy-three Dollars and Thirty-four Cents ($746,473.34);

2. For interest, as permitted by law;

///

///

3. For costs of suit herein;

4. For such other and further relief as the court deems just and proper.

DATED: January 22, 2007

DRATH, CLIFFORD, MURPHY & HAGEN, LLP

By: _____
JOHN M. DRATH
Attorneys for Plaintiff
WILLIAM WEDDINGTON

R:\1225\1\BadFaithAction\PC001.jmd.wpd

**EXHIBIT B**

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>UNITED NATIONAL INSURANVCE COMPANY; and DOES ONE through TEN, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>WILLIAM WEDDINGTON | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ENDORSED**<br><br>JAN 2 6 2007<br><br>Clerk of the Napa Superior Court<br>By: __J. OLIVER__<br>Deputy |

**DELAY REDUCTION CASE**

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
NAPA SUPERIOR COURT
825 Brown Street
Napa, California  94559

CASE NUMBER: *(Número del Caso):* 26-36468

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DRATH, CLIFFORD, MURPHY & HAGEN, LLP                           510-287-4000
1999 Harrison Street, Suite 700, Oakland, California  94612-3517

DATE: JAN 2 6 2007          Clerk, by __J. OLIVER Stephen A. Bouch__, Deputy
*(Fecha)*                   *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use *Proof of Service of Summons* (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]                **SUMMONS**            Code of Civil Procedure §§ 412.20, 465

# PROOF OF SERVICE
### WILLIAM WEDDINGTON v. UNITED NATIONAL INSURANCE COMPANY
United States District Court – Northern District of California
Case No.:

---

I declare that:

I am employed in the county of Los Angeles, California, over the age of eighteen years, and not a party to the within cause. My business address is 523 West Sixth Street, Suite 635, Los Angeles, California, 90014.

On March 27, 2007, I served the within:

## NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. 1441(b) (DIVERSITY)

**BY MAIL** on parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

John M. Drath, Esq.
DRATH, CLIFFORD, MURPHY & HAGEN, LLP
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
*Attorney for Plaintiff William Weddington*

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on March 27, 2007.

Hayden Sakow