FILED

**NOT FOR PUBLICATION**

SEP 23 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM WEDDINGTON, | No. 08-15727 |
| Plaintiff - Appellant, | D.C. No. 07-CV-01733-SBA |
| v. | |
| UNITED NATIONAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sandra B. Armstrong, District Judge, Presiding

Argued and Submitted September 2, 2009
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Weddington appeals from the district court's summary judgment for United

National Insurance Company (United National).  The district court had jurisdiction

under 28 U.S.C. § 1332.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We will affirm the district court if the insurance policy at issue (the Policy) excludes coverage of Weddington's claim against Reeves, his former attorney. United National insured Reeves under a "claims made" professional liability insurance policy, with a policy period extending from June 15, 2004 to June 15, 2005.  Policy exclusion II.B states that the Policy does not apply to claims "arising out of any WRONGFUL ACT occurring prior to the effective date of this policy . . . if the INSURED at or before the effective date knew or could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM."

The central question here is whether exclusion II.B should be subject to an "objective" or "subjective" test.  Weddington contends that exclusion II.B bars coverage only where Reeves believed that her handling of Weddington's underlying case might result in a malpractice claim, i.e. only where the insured subjectively believed that a claim was likely.  United National asserts, and the district court agreed, that exclusion II.B applies on an objective basis and bars coverage where a claim is reasonably foreseeable.

California substantive law applies to our interpretation of this insurance contract.  In order to bar coverage, an exclusionary clause, such as that we consider here, "must be conspicuous, plain and clear."  *MacKinnon v. Truck Ins. Exch.*, 73

P.3d 1205, 1207 (Cal. 2003), citing *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 172 (Cal.1966).

Policy exclusion II.B provides that coverage is excluded where an insured either "knew or could have reasonably foreseen" that a wrongful act "might be expected to be the basis of a CLAIM" prior to the effective date of the policy.  The exclusion of coverage for reasonably foreseeable claims applies here.  This provision does not call for the exercise of the insured's judgment as to the probability of a claim.  Instead, the use of the phrase "or could have reasonably foreseen" indicates that coverage is excluded where a claim was foreseeable from a reasonable, objective viewpoint.  Weddington's subjective interpretation would have this exclusion bar coverage *only* where the insured knew of a claim; as such, Weddington's interpretation would effectively nullify the second clause, which excludes coverage where a claim "could have [been] reasonably foreseen."

Weddington argues that exclusion II.B is ambiguous because it fails to indicate whether an objective or subjective standard applies to the determination of whether a claim was foreseeable.  But the policy need not use the term "objective" or "subjective" in order to articulate an unambiguous exclusion.  The term "reasonably" indicates that an objective standard should apply.  The term "reasonably" is not ambiguous.  *Phoenix Ins. Co. v. Sukut Constr. Co.*, 186 Cal.

Rptr. 513, 514 (Cal. Ct. App. 1982) (in context of professional liability insurance policy, the phrase "might be expected to be the basis of a claim or suit" was unambiguous and "perfectly clear"); *see also Coregis Ins. Co. v. Camico Mut. Ins. Co.*, 959 F. Supp. 1213, 1222 (C.D. Cal. 1997) ("a *reasonable* person would have foreseen that the conduct alleged . . . might form the basis of a claim or suit").

Exclusion II.B is capable of only one reasonable construction and is therefore not ambiguous. *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) (a clause in an insurance policy "will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable"). As we have concluded that exclusion II.B is not ambiguous, we need not reach Weddington's assertion that public policy favors his interpretation, because a clear exclusion should not be ignored on public policy grounds. *Rosen v. State Farm Gen. Ins. Co.*, 70 P.3d 351, 353 (Cal. 2003) ("we do not rewrite any provision of any contract, [including an insurance policy], for any purpose"), citing *Certain Underwriters at Lloyd's of London v. Superior Court*, 16 P.3d 94, 108 (Cal. 2001).

Weddington argues that *James River Insurance Co. v. Hebert Schenk* requires that a "subjective" interpretation be applied to exclusion II.B. 523 F.3d 915 (9th Cir. 2008). In *James River*, we reviewed the district court's conclusion that the insured's failure to disclose an incident that later gave rise to a malpractice

-4-

claim, in response to a question on a policy *application*, permitted the insurer to deny coverage under Arizona law. *Id.* at 921. Reversing, we concluded that the question was not clear and could not support summary judgment, because "reasonable persons could differ as to whether [the question at issue] elicited a statement of opinion or fact," *id.*, and answering the question required the insured to "exercise judgment in applying that standard to the facts concerning particular clients." *Id.* at 922. As the policy application called for the insured's evaluation of whether a claim was likely, a subjective test was appropriate. Here, we are asked to interpret a policy *exclusion*, not a policy *application*. Policy exclusion II.B does not call for a response by the insured, and does not call for the insured's judgment as to whether a claim is likely.

*James River* also considered whether the district court erred in entering summary judgment to the insurer on the basis of a policy exclusion that denied coverage for claims arising from a legal service rendered prior to the effective date of the policy. *Id.* at 922-23. We determined that summary judgment was unwarranted based on our determination that the claim at issue was not necessarily "reasonably foreseeable." *Id.* We did not indicate whether the policy exclusion was subject to a "subjective" or "objective" test. *Id.*

Weddington argues that, even if the district court did not err in its interpretation of exclusion II.B, it incorrectly applied that exclusion to this case. He asserts that United National did not have sufficient information to deny coverage at the time it withdrew its defense.  But the underlying action was dismissed because it was not brought to trial within five years, and this was the basis for United National's denial of a defense.  The district court concluded that dismissal for failure to prosecute was the sort of incident likely to give rise to a claim.  We agree.  Failure to bring an action to trial within five years is the sort of incident likely to give rise to a claim for the reasons set forth in the district court's order.  Moreover, at the time when she applied for the insurance, Reeves knew that the matter had been dismissed under the five-year rule.  Such an instance is distinguishable from that of an attorney who knows merely that he or she has erred at some point in the handling of a case.  United National's denial of a defense was, therefore, made upon sufficient information.

**AFFIRMED.**